IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KETORIAN WILSON.<br>(Tarrant No. 0534291),<br><br>  Plaintiff,<br><br>v.<br><br>GEORGE GALLAGHER, Judge,<br>396th District Court,<br>Tarrant County, Texas, et al.,<br><br>  Defendants. | § § § § § § § § § § § § § § | Civil Action No. 4:21-CV-526-P |

## OPINION and ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Ketorian Wilson's ("Wilson") complaint under the court screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Wilson must be dismissed under authority of these provisions.[1]

## BACKGROUND

Wilson initiated this case with the filing of a civil-rights complaint form seeking relief

---

[1] On June 28, 2021, Wilson submitted four separate untitled handwritten motions, docketed as First, Second, Third, and Fourth motions. ECF Nos. 13, 14, 15, and 16. The relief sought in the first motion is not discernable, and is **DENIED** for that reason. ECF No. 13. In the second motion, Wilson seeks to have the case considered by another court, and that motion is **DENIED** because his claims will not survive the screening process. ECF No. 14. In the third motion, Wilson seeks a "Court appointed attorney," but that motion , too, is **DENIED** as his claims are subject to dismissal. ECF No. 15. In the fourth motion, Wilson asks to be released and removed from parole, which is **DENIED** for the same reasons stated later in the Order. ECF No. 16.

for violations of his constitutional rights under 42 U.S.C. § 1983, along with exhibits and attachments thereto. Compl. 1-15, 6-47, ECF No. 1. Although Wilson also filed a completed complaint form on two subsequent occasions, because each of those form complaints are identical to the original complaint, and the original complaint has exhibits and attachments related to Wilson's claims that are not provided with the "amended" complaint forms, the Court has reviewed Wilson's claims as recited in the original complaint. Compl. 1-5, 6-47, ECF No. 1.

In the complaint, Wilson names four defendants: 396th District Court Judge George Gallagher; Tarrant County Assistant District Attorney Emily Dixon; Probation Officer Hollice Phillips; and the Texas Penitentiary. Compl. 1, 3, ECF No. 1. Although difficult to discern, he alleges as to Judge Gallagher: "I am a President and he charge me with a crime and he put me in his courtroom." As to prosecutor Dixon, he writes: "I am a President and she charged me with a crime." As to Parole Officer Phillips, Wilson claims: "I am President in this country and she put me on probation." Lastly, as to the Texas Penitentiary, Wilson writes: "I am a President in this country and they said they would kill me." Compl. 3, ECF No. 1.

Wilson writes the following as his statement of claim:

I am President in this country and they charge me with a crime and they put me in Judge George Gallagher's court [?] even though he has already [?] me 10 years in 1999. They told me if I get convicted [?] in the Texas Penitentiary, they said they would kill me at the [?] Unit in Huntsville, Texas."

Compl. 4, ECF No. 1. With regard to the relief sought, Wilson writes: "I want for me to be let out of jail, and take me off parole and give me the money I am owed." Compl. 4, ECF No.

1. Among the names Wilson included that he has "ever used or been known by," Wilson included both "King Ketorian Wilson", President Ketorian Wilson ," and "General Ketorian Wilson." Compl. 4, ECF No. 1

Attached to his original complaint, Wilson has provided copies of documents related to his pending charge in the 396th District Court, Tarrant County, Texas for aggravated sexual assault in case number 1631682D, and related to a Parole Violation Report and Hearing Report. Compl. 28-34 (Charge), 35-45 (Parole), ECF No. 1.

**LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)**

Plaintiff Wilson is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Wilson is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both §1915(e)(2) and §1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable

basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

**ANALYSIS**

**A.    Factually Frivolous**

In this instance, the Court notes first that Wilson's writings about his identity have risen to the level of the irrational or wholly incredible. As noted above, Wilson repeatedly refers to himself as "President" and also calls himself a "King" or a "General." Wilson's impression that he holds such titles was also displayed in two habeas corpus proceedings that were dismissed as "nonsensical and unintelligible." *See Wilson v. Sheriff, Tarrant County, Texas*, No. 4:21-CV-541-O (N.D. Tex. June 3, 2021) and *Wilson v. Sheriff, Tarrant County, Texas*, No. 4:21-CV-542-O (N.D. Tex. Jun 3, 2021). Wilson recites that he holds such positions in every part of his complaint, in an apparent belief that he is therefore not subject to prosecution.

Plaintiff's allegations in this suit describe fantastic or delusional scenarios and rise to

the level of the irrational or wholly incredible as recognized in *Neitzke*, 319 at 327-28 and *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Outright dismissal for factual frivolity is appropriate "when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a compliant relies is indisputably meritless." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (quotations omitted). Therefore, the Court initially finds and concludes that all Wilson's claims for relief under 42 U.S.C. 1983 must be dismissed as factually frivolous under the authority of §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

**B.     Absolute Immunity**

      1.     District Judge Gallagher

With regard to Plaintiff's claims for monetary compensation against Judge Gallagher, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Wilson does not make this showing. Rather, his claims arise solely from alleged conduct which occurred during and arising from the criminal case presided over by Judge Gallagher. Because the complained-of conduct by Judge Gallagher was judicial in nature and undertaken pursuant to the jurisdiction provided to the 396th

District Court, Tarrant County, Texas, Judge Gallagher is entitled to absolute immunity from Plaintiff's claims for compensatory monetary damages.

    2.    <u>Assistant District Attorney Emily Dixon</u>

The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the [government]." *Imbler*, 424 U.S. at 431 n.33. Here, even assuming Wilson's allegations against Emily Dixon are true, Dixon would have taken such action in her role as a prosecutor on behalf of the State of Texas. Thus, defendant Dixon is entitled to absolute prosecutorial immunity from any claim for compensatory monetary damages.

    3.    <u>Parole Officer Hollice Phillips</u>

As noted, Wilson's allegation against Phillips is for her involvement in putting him on "Probation." Compl. 3, ECF No. 1. "Parole officers are entitled to absolute immunity from liability for their conduct in parole decision and in the exercise of their decision making powers." *Little v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995). On the limited allegations of "placing [him] on probation," the Court interprets Wilson's

allegations against Phillips for her prosecutorial/judicial role rather than in any administrative function. *See Colin v. V. LeBlanc*, ___ F. 4th ___, 2021 WL 2562449, *5 (5th Cir. Jun, 23, 2021) (noting that the district court needed to analyze whether a defendant parole officer was engaged in the exercise of judicial functions or administrative functions). Thus, defendant Hollice Phillips is entitled to absolute immunity from any claim for monetary damages.

**C.     Eleventh Amendment Bar--Texas Department of Criminal Justice**

Wilson has also named as a defendant the "Texas Penitentiary." Compl. 3, ECF No. 1. The Court will construe this defendant as being the Texas Department of Criminal Justice. In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or a state agency. S*ee Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *see also Okpalobi, et al. v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (holding "[t]he Eleventh Amendment bars suits by private citizens against a state in federal court, irrespective of the nature of the relief requested") (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)). The Fifth Circuit has expressly recognized that the Texas Department of Criminal Justice, as an instrumentality of the state, is immune from suit under the Eleventh Amendment. *Harris v. Angelina County, Texas*, 31 F.3d 331, 338 n. 7 (5th Cir. 1994) (citations omitted). Thus, Wilson's claims against the Texas Department of Criminal Justice are barred by Eleventh Amendment immunity.

**D.     *Younger* Abstention**

With regard to Wilson's remaining factual allegations and claims, the Court notes that, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here. *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489-90 (5th Cir. 1995). Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490. As to *Younger's* application to ongoing criminal prosecutions, this court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04-CV-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *see also Younger*, 401 U.S. at 44. *Younger* abstention also applies to "parole revocation proceedings affecting state court orders." *Vidal v. Board of Pardons and Paroles*, No. 3:20-CV-1507-X-BN, 2020 WL 4678437, *2 (N.D. Tex. Jun. 5, 2020), *rep. and rec. adopted*, 20201 WL 4673469 (N.D. Tex. Aug. 12, 2020) (citation omitted).

All prerequisites for abstention under *Younger* are met here. There are ongoing state

judicial criminal proceedings. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F,2d 11171, 1176 (5th Cir. 1984).

Wilson has a full opportunity to raise constitutional challenges in the ongoing state prosecution, on direct appeal in the event of a conviction(s), or through a state habeas writ challenging his detention or conviction. *See DeSpain*, 731 F2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (recognizing that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). The Court will therefore abstain from jurisdiction over Wilson's remaining § 1983 claims. *See generally Phillips v Dallas Cnty. Sheriff's Dep't*, No. 3:16-CV-1680-D, 2017 WL 658749, at *2 (N.D. Tex. Jan. 12, 2017) (finding that claims of unlawful arrest against the Dallas Police Department should be dismissed under the *Younger* abstention doctrine), *rep. and rec. adopted*, 2017 WL 635086 (N.D. Tex. Feb. 16, 2017). Thus, the Court concludes that Wilson's remaining claims under 42 U.S.C. § 1983 must be dismissed.

**E.     Claim for Release Not Addressed**

As noted above, Wilson's complaint in part challenges the fact and duration of his confinement. Although styled as a civil rights action under 42 U.S.C. § 1983, and filed on a form to seek such relief, Wilson also challenges his confinement and seeks release. Compl. 4, ECF No. 1. A § 1983 complaint is not the proper action in which to assert habeas corpus claims. A prisoner who challenges the very fact or duration of his physical confinement and

9

who seeks judgment that would entitled him to release must pursue habeas corpus relief rather than civil rights relief under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Wilson has filed a complaint on a form reserved for § 1983 complaint, his claim to be entitled to release must be pursued through a petition for writ of habeas corpus. The Court will dismiss this claim without prejudice to Wilson's right to seek habeas corpus relief.[2]

## CONCLUSION

It is therefore **ORDERED** that all plaintiff Ketorian Wilson's claims are **DISMISSED WITH PREJUDICE** as factually frivolous under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

It is alternatively **ORDERED** that (1) all plaintiff Wilson's claims for monetary damages against District Judge George Gallagher, Assistant District Attorney Emily Dixon, and Probation Officer Hollice Phillips, and (2) all claims against the Texas Department of Criminal Justice, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2)

---

[2] As noted above, Wilson has previously filed two separate petitions for writ of habeas corpus. *See Wilson v. Sheriff, Tarrant County, Texas*, No. 4:21-CV-541-O and *Wilson v. Sheriff, Tarrant County, Texas*, No. 4:21-CV-542-O. But, as he did in this proceeding, Wilson was found to have made "nonsensical and unintelligible allegations" in each of those cases, such that they were summarily dismissed. *See Opinion and Orders*, No. 4:21-CV-541-O , ECF No. 12 (N.D. Tex. June 3, 2021), and No. 4:21-CV-542-O, ECF No. 8 (N.D. Tex. June 3, 2021). Wilson is cautioned that any further petition for writ of habeas corpus must state facts and claims in a manner that is readable and understandable.

and 28 U.S.C. § 1915(e)(2)(B)(iii); and (3) all Wilson's remaining claims seeking relief under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further **ORDERED** that Wilson's claim seeking immediate release from confinement is **DISMISSED WITHOUT PREJUDICE** to his ability to seek relief through a habeas corpus proceeding.

**SO ORDERED** this **12th day** of **July, 2021**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE